## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ROSIE LEWIS**                                                                             **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 3:12CV-143-S**

**CAROL LOVE** *et al.*                                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Rosie Lewis filed a *pro se* civil complaint. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review under § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). For the reasons that follow, the complaint will be dismissed.

### I.

In the caption, Plaintiff lists Defendants as Carol Love and "Housing Authority."[1] She filed her complaint on a form but failed to fill out the section of the form asking her to state the grounds for filing this case in federal court.

As her statement of claim, Plaintiff alleges that Defendant Love falsely accused her of a crime, which was the basis of a "30 & 14day notice" to vacate the premises in which she resided. She states that she was incarcerated due to the false accusations, "stressed out & ill," and "couldn't hardly move at the time."

---

[1] Plaintiff provides a summons for Louisville Metro Housing Authority.

Plaintiff further alleges:

Mr. Hunter - came to my place of resident to harrass me over an incident I had no knowledge of. Mr. Hunter was very outrate vulgar, and yelling at me. Chose to speak to me as if I were a child I am 60 yrs old. I am disabled mentally a & physically. I finally had to tell the man to remove himself from my home. The 1st time I said it he didnt heare me because of him yelling. So finally I yelled to get his attention to tell him to leave.

As relief, Plaintiff asks the Court to waive all filing fees, to bring a suit against Defendant Love for defamation of character, and to bring a suit against the Housing Authority due to the harassment by Mr. Hunter.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330 *et seq.* Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue," *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), because without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

In the present case, Plaintiff fails to specify this Court's subject-matter jurisdiction. Despite this failure, "it is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy

2

the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). Thus, the Court will review the complaint to determine whether the facts are sufficient to invoke its subject-matter jurisdiction.

   *A. Federal Question*

The federal-question statute, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint contains no reference to the United States Constitution or any federal statute or law upon which this Court's jurisdiction rests. Even if the Court were to liberally construe the action as being brought pursuant to 42 U.S.C. § 1983 since Plaintiff is suing the Housing Authority, *see Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) (explaining that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government), *vacated on other grounds*, 488 U.S. 1036 (1989), Plaintiff fails to mention any personal wrongdoing by that agency or any agency policy causing any harm, and the Housing Authority cannot be held liable for the alleged harassment by Mr. Hunter as "[r]espondeat superior is not a proper basis for liability under § 1983."[2] *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." Ballentine's Law Dictionary (3d ed. 1969).

3

Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the § 1983 claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction, to the extent it may have had such jurisdiction, over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### B. *Diversity of Citizenship*

In alleging harassment and defamation, Plaintiff may be attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. That statute provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Diversity of citizenship is determined "at the time the complaint was filed." *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). Here, Plaintiff does not allege that the amount in controversy exceeds the statutory requirement and does not demonstrate complete diversity since at the time she filed the complaint, she indicates that she and both Defendants were located/resided in Louisville, Kentucky.

4

For these reasons, the Court will dismiss this action by separate Order.

Date: October 24, 2012

                    **Charles R. Simpson III, Judge**
                    **United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
4411.005